IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL ETCHISON,

                      Plaintiff,                        OPINION AND ORDER

   v.

                                                           20-cv-967-wmc

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,[1]

                      Defendants.

---

      Pursuant to 42 U.S.C. § 405(g), plaintiff Daniel Etchison seeks judicial review of a final determination that he was not disabled within the meaning of the Social Security Act despite being o the autism spectrum and suffering from anxiety. Etchison first applied for social security benefits in April of 2018, and Administrative Law Judge ("ALJ") Michael Schaefer wrote an opinion denying his request for benefits on April 8, 2020. After exhausting his administrative remedies, Etchison mainly disputes before this court how the ALJ weighed the medical opinions as to his residual functional capacity ("RFC"). Because the court must defer to the ALJ in the weighing of evidence and credibility, his opinion will be affirmed.

UNDISPUTED FACTS

**A. Background**

      Plaintiff Daniel Etchison has at least a high school education, can communicate in English, and has no past relevant work. (AR 25.) In fact, Etchison was just 26 years old

---

[1] The court has adjusted the captions in pending cases.to reflect Kilolo Kijakazi's appointment as the Acting Commissioner of the Social Security Administration on July 9, 2021,

at the time of his alleged onset date. (Id.)

## B. ALJ Decision

On February 21, 2020, the ALJ held a hearing in which Etchison appeared in person. (AR 16.) In his written opinion, ALJ Schaefer determined that Etchison was not disabled for purposes of the Social Security Act. While the ALJ found that Etchison had severe impairments of autism spectrum disorder, anxiety, depression and obesity, he still determined that none of his conditions nor any combination of them meet or exceed the severity listed in 20 CFR Part 404, Subpart P, Appendix 1. (AR 18.) Ultimately, the ALJ further crafted an RFC allowing for medium work with the following restrictions:

> The claimant can occasionally climb ladders, ropes, or scaffolds. Due to the claimant's mental impairments and symptoms, he can understand, remember, or carry out only simple instructions and routine tasks (at a GED Reasoning level of 1 or below) in a work environment with few, if any, changes in the work duties. The claimant is limited to a work environment with no fast paced production quota or rate (any production requirements should be more goal oriented, such as based on a daily or weekly or monthly quota rather than assembly line work or other similar work). The claimant is limited to work with no direct public interaction. The claimant is capable of only occasional, brief and superficial interaction with co-workers, but only incidental performance of tandem tasks with coworkers (for example, claimant can work around others, share tools or help lift or carry items as needed but is precluded from work that routinely requires cooperative effort with other co-workers to complete a process or create a product). Finally, the claimant is capable of only occasional interactions with supervisors.

(AR 20.) Applying this RFC, the vocational expert testified that Etchison would be able to perform a significant number of jobs within the national economy, including "sweeper cleaner," "Box Truck Washer" and "Housekeeper, cleaner." (AR 25.) Finding this

2

testimony "consistent with the information contained in the Dictionary of Occupational Therapy," the ALJ found that Etchison was "not disabled." (AR 26.)

OPINION

A federal court's standard of review with respect to a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and ensure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

I. **Medical Opinions**

Etchison disputes the ALJ's evaluations of several medical opinions. While reasonable minds may differ as to which of these opinions are the most persuasive, the ALJ provided sufficient reasoning for his assessments and the court will defer to those determinations.

3

### A. Michael Cremerius

The parties first discuss state consultant psychologist Michael Cremerius, who suggested Etchison be limited to brief and superficial interaction with supervisors and coworkers. "As with all medical opinions, an ALJ must examine the § 404.1527(c) factors and minimally articulate its reasoning for crediting non-treating state agency medical opinions" with consistency and supportability being the most important factors. *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).

Here, the ALJ partially credited that opinion, but did not find his limitation for Etchison to have only brief contact with supervisors or coworkers to be supported. (AR 23.) The ALJ based his qualification of Cremerius's opinion on several facts: claimant did not have any problems with supervisors at his previous jobs as a dishwasher; he was able to get along with coworkers and small groups; and his counseling records note no problems with supervisors or coworkers. (AR 23.) Specifically, the ALJ noted that while Etchison "testified to difficulty with the public, [he] acknowledged ... do[ing] fine with his coworkers and small groups of people, reported ... get[ting] along somewhat well with authority figures, was cooperative with treatment providers, and reported no difficulty getting along with supervisors in his work since the alleged onset date." (AR 23.)

In fairness, Etchison offers good reasons why each of these facts may not be a good indicator of his ability to work with supervisors and coworkers, particularly noting that his ability to succeed in a 20-hour per week job does not mean he would be successful at a full-time job. (Pl.'s Mot. (dkt. #21) 5.) He also points to evidence of anxiety, poor social skills, and inability to maintain eye contact in his records, all of which are consistent with

4

Cremerius's more limiting opinion. (Pl.'s Mot. (dkt. #21) 6-7.) However, all of the ALJ's reasons are also supported by the record, and the ALJ was not clearly wrong in crediting Etchison's *own statements* that he did well at work, had no problems with supervisors or coworkers, and did not experience any decline in mental health while working. (AR 21-22.)

Given Etchison's own assertions, therefore, the ALJ reasonably found Cremerius's opinion to overstate his limitations. While Etchison disagrees with the ALJ's stated reasons for finding Cremerius's opinion unpersuasive, "we do not review medical opinions independently but rather review the ALJ's weighing of those opinions for substantial evidence, and we only overturn that weighing if no reasonable mind could accept the ALJ's conclusion. [Etchison] wants us to weigh [Dr. Cremerius's] opinion ourselves, but this would be no less than substituting our judgment for that of the ALJ's, an impermissible step." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).

B. Marcus Desmonde

Similarly, plaintiff suggests that the ALJ did not properly assess the opinion of consultative examiner/psychiatrist Marcus DesMonde (AR 23-24), who found that Etchison had marked limitations interacting with coworkers, supervisors, and the public. (Pl.'s Mot. (dkt. #21) 3, 7.) However, the ALJ noted that: DesMonde only saw Etchison once; failed to explain what led to his independent determination of marked limitations, other than on subjective claims by Etchison and his family; and ignored that Etchison never needed in-patient care. (AR 23-24.) Again, each of these points is debatable, and Etchison is free to argue that each undermines the ALJ discounting DesMonde's opinion, but the

5

ALJ's reliance on Etchison's own statements and work history is also undisputed on this record. Thus, having adequately explained sound reasons for his discounting DesMonde's opinion, the court's job on review is *not* to re-weigh evidence or decide credibility. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

II.  **SSR 16-3p Activities of Daily Living**

Finally, plaintiff suggests that the ALJ did not evaluate his subjective reports correctly. (Pl.'s Mot. (dkt. #21) 11.) Specifically, Etchison argues that just because he could do some activities on a recreational basis, does not necessarily mean that he could maintain those same activities full-time. (*Id*.) While this is true, Etchison's success in part-time work, as well as statements that he did not want to work for reasons other than mental health, certainly suggest that Etchison may be capable of succeeding with full-time work. That finding is bolstered by Etchison's statements on his hobbies and day-to-day activities. (AR 21.) Plaintiff also argues that in discussing Etchison's lack of any treatment, the ALJ failed to consider the possible reasons for the lack of treatment, like a lack of insurance. (Pl.'s Mot. (dkt. #21) 12.) However, Etchison did not just deny seeking therapy, he denied *needing* it or having troubles; he did not want to take medication; and he was generally uninterested in therapy. Thus, Etchison's successful work history, subjective reports of his own ability to interact with supervisors and coworkers, and general disinterest in therapy or medications *all* support the ALJ's determination of "not disabled." One may raise evidence to the contrary on each of the ALJ's findings, as plaintiff attempts to do, but that remains a dispute with the weighing of evidence. Since a "reasonable mind could accept

6

the ALJ's conclusion," the court must affirm. *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).

ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that plaintiff Daniel Etchison is not eligible for social security disability benefits, is AFFIRMED.

2) The clerk of court is directed to enter judgment for defendant.

Entered this 31st day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge